UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTINA DELAVEGA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOCUS RECEIVABLES MANAGEMENT, )<br>LLC, )<br>)<br>Defendant. ) | Case No. 5:14-cv-760 |

## PLAINTIFF'S COMPLAINT

Plaintiff, CHRISTINA DELAVEGA ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. §392, et al. ("TDCA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

1

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in San Antonio, Bexar County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

10. Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Marietta, Cobb County, Georgia.

12. Defendant is a business entity engaged in the collection of debt within the State of Texas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff on behalf of the original creditor.

20. The alleged debt owed arises from transactions for personal, family, and household purposes.

21. In or around December 2013, Defendant began calling Plaintiff on Plaintiff's cellular telephone at 210-505-44xx in an attempt to collect a debt.

22. Defendant called Plaintiff from 866-664-2512.

23. 866-664-2512 is one of Defendant's telephone numbers.

24. Defendant calls at an annoying and harassing rate, calling Plaintiff three (3) to five (5) times a day on her cell phone.

25. Defendant also calls Plaintiff four (4) to five (5) times a day at her place of employment.

26. Around December 2013, Plaintiff requested that Defendant stop calling her cell phone as well as her work phone.

27. Plaintiff's supervisor at her place of employment has also told Defendant to stop calling Plaintiff at work.

28. On April 17, 2014, one of Defendant's collectors posed as a customer in order to speak with Plaintiff at work after Plaintiff requested that Defendant stop calling her.

29. During the aforementioned conversation, Defendant did not state that the collector was attempting to collect a debt. Plaintiff requested that Defendant stop calling her, and Defendant told Plaintiff that he was "going to keep calling until (Plaintiff) answered (Defendant's) questions."

30. Despite Plaintiff's request that Defendant stop calling her work and cell phone, Defendant continues to call Plaintiff in an attempt to collect the alleged debt.

31. At no point did Defendant tell Plaintiff that they were a debt collector and that Defendant was attempting to collect a debt.

32. To date, Plaintiff has not received anything in writing from Defendant.

33. Defendant's collectors were working within the scope of their employment when communicating with Plaintiff.

34. Defendant's collectors are familiar with the FDCPA.

35. Defendant's collectors know the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when speaking to the consumer.

36. Defendant's collectors know the FDCPA requires written notice containing the above stated contents within five (5) days of the initial communication with a consumer.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692(c)(3) of the FDCPA by communicating with the consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication, when the Defendant called Plaintiff at Plaintiff's place of employment after Plaintiff's supervisor told Defendant to stop calling Plaintiff's place of employment;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant three (3) to five (5) times a

    day at her place of employment and on her cell phone;

c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continuously called Plaintiff after she told Defendant to stop calling her;

d. Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, when the Defendant posed as a customer when calling Plaintiff's place of employment in order to talk to Plaintiff after Defendant was told to stop call Plaintiff's place of employment;

e. Defendant violated §1692e(11) of the FDCPA by failing to disclose in the initial oral communication with Plaintiff that the Defendant was attempting to collect a debt and that any information obtained will be used for that purpose, when Defendant called Plaintiff and failed to state that Defendant was attempting to collect a debt; and

f. Defendant violated §1692(g) of the FDCPA by failing to send, within five days after the initial communication with the consumer in connection with the collection of any debt a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty (3) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty (3) day period that the debt, or any portion thereof, is disputed, the debt

collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different form the current creditor, when the Defendant failed to send Plaintiff any written notice that would satisfy this section within five days after Defendant's initial communication with Plaintiff.

WHEREFORE, Plaintiff, CHRISTINA DELAVEGA, respectfully requests judgment be entered against Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC, for the following:

38. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

39. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

40. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

41. Plaintiff repeats and realleges paragraphs 1-36 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

42. Defendant violated the TDCA based on the following:

   a. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant continued to call Plaintiff after she told

Defendant to stop calling her; and

b. Defendant violated Tex. Fin. Code. §392.302(5)(A) by using a fraudulent, deceptive, or misleading representation in an attempt to collect a debt when the Defendant posed as a customer when calling Plaintiff's place of employment in order to talk to Plaintiff.

WHEREFORE, Plaintiff, CHRISTINA DELAVEGA, respectfully requests judgment be entered against Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC, for the following:

43. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

44. For attorneys' fees, costs and disbursements;

45. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

46. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  August 26, 2014     RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
Michael S. Agruss
Agruss Law Firm, LLC
4619 N Ravenswood Ave.
Suite 303A
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff